**In the Matter of Walter J. KASSUBA, et al., Bankrupts.**

**Bankruptcy No. 76–380–BK–JE–B.**

United States District Court, S.D. Florida.

Feb. 15, 1985.

See also, D.C., 10 B.R. 309, and Bkrtcy., 16 B.R. 699.

Roma W. Theus, II, Holland & Knight, Miami, Fla., Nathan Yorke, Trustee of the W.J.K. Creditors' Liquidating Trust.

Ray Sandstrom, Fort Lauderdale, Fla., for witness.

## ORDER ON TRUSTEE'S MOTION FOR SANCTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

A Chicago trustee in a bankruptcy reorganization case pending in that city has moved (C.P. No. 633) for sanctions against a witness who failed to appear for an oral examination under B.R. 2004. The motion was heard on February 14.

I find that movant did properly notice an examination and did properly serve the witness, Kenneth V. Hemmerle, II with a subpoena duces tecum for the examination. By mutual agreement between the witness and the examiner, the examination was postponed from November 19, 1984 to December 13. The witness never sought a protective order nor did he appear at the appointed hour and place, 10:30 a.m. in West Palm Beach.

The explanation and excuse offered by the witness is that he had been advised by Tallahassee counsel to be represented by local counsel at the examination and the witness arranged to be represented by Ray Sandstrom, Esquire, who instructed the witness to meet him at his office that morning so that they could proceed together to the examination. The witness telephoned his attorney at about 8:30 that morning and was told by a secretary that Sandstrom had departed for Kansas City to participate in a trial scheduled there. The witness immediately attempted to reach movant's counsel, who had already left his office in Miami for West Palm Beach. That call was placed at 9:05 a.m. Movant's counsel drove to Palm Beach, waited three hours and drove back. During his wait, he had an inconclusive conversation with the witness.

I find no basis to visit sanctions against the witness, whose excuse and explanation is verified by Sandstrom. The failure of the witness to respond to the court ordered examination and the subpoenas issued by this court was caused entirely by the negligence or misconduct of the witness' attorney, Sandstrom.

Mr. Sandstrom has explained that about a week before the scheduled examination, he learned that he would be required to appear in Kansas City before and during December 13. He instructed his secretary to notify all persons who would be affected by this change in his plans. She failed to notify either the witness or opposing counsel. No alternative arrangements were made for the representation of the witness. I find counsel's conduct inexcusable, although I do not suggest that it was deliberate contempt of this court.

Movant's counsel seeks $1,125 for 7.5 hours spent by him on December 13, together with $185 in expenses incurred. I find that the reasonable time attributable to travel from Miami to Palm Beach and return (three hours), and to attendance in Palm Beach before and after the scheduled hour of examination (1.5 hours), totals 4.5 hours. Although I cannot disagree that movant's counsel's services may normally be worth $150 an hour, I do not feel that this particular legal service merits a charge of more than $450.

Of the expenses claimed, $76 has not been spent. Reasonable automobile travel expense, applying the current authorized federal rate of reimbursement, is $32.80. Counsel spent $69 serving the two subpoenas on the witness. His reasonable expenses incurred in this connection, therefore, totalled $101.80, making an aggregate sum of $551.80 attributable to the frustration of this examination as a result of Mr. Sandstrom's neglect.

Movant shall have and recover of and from Ray Sandstrom the sum of $551.80 for which execution may issue, if necessary.